IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

KEVIN SMITH,                         )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-13-363-KEW
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

                             **OPINION AND ORDER**

Plaintiff Kevin Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

                    **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 25, 1974 and was 37 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past as a cashier and stocker, factory worker, pothole patcher, convenience store worker and cashier, cook, and pizza delivery driver. Claimant alleges an inability to work beginning August 1, 2008 due to limitations resulting from pain and spasms in the lower back and leg

problems.

**Procedural History**

On March 28, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 9, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Charles Headrick in Tulsa, Oklahoma. By decision dated May 3, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on June 11, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper step 4 and 5 analysis; (2) failing to properly weigh the medical source opinions; and (3) failing to perform a proper credibility determination.

4

**Step Four and Five Analysis**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease, hypertension, obesity, depression, and anxiety. (Tr. 16). The ALJ determined Claimant retained the RFC to perform light work. In so doing, he found Claimant could lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently. He was able to stand and/or walk about 6 hours in an 8 hour workday and sit for about 6 hours in an 8 hour workday with normal breaks. Claimant was found to be able to frequently climb ramps, stairs, ladders, ropes, and scaffolds. Claimant was able to stoop, kneel, crouch, and crawl occasionally. Claimant was also able to perform simple tasks with routine supervision and able to relate to supervisors and peer on a superficial work basis. The ALJ, however, found Claimant was unable to relate to the general public but was able to adapt to a work situation. (Tr. 18).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of a collator, laundry classifier, and final inspector, all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 21-22). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 22).

Claimant contends the ALJ failed to propound a proper

hypothetical to the vocational expert which included his depression and anxiety. The ALJ found Claimant's depression and anxiety caused a mild restriction in his activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace. (Tr. 17). He made these findings in connection with an evaluation of Claimant's conditions at step three to determine whether he met Listings 12.04 and 12.06. Reciting the requirements under the "paragraph B" criteria, the ALJ found Claimant did not meet the specified listings. Id.

In his questioning of the vocational expert, the ALJ posed the following hypothetical:

> Assume the claimant to be, would have been 34 years of age at the alleged onset date with 11th grade education, the ability to read, write and use numbers. Assume such individual has the physical capacity, and I'm referring, Counsel, to Exhibit 6F, to occasionally lift 20 pounds, frequently lift 10 pounds, to stand and/or walk about six hours of eight hours in a work day, to sit about six of eight hours in a work day. Push/pull activities would be unlimited. Such individual could frequently climb ramps, stairs, ladders, ropes, scaffolds, frequently balance. Could occasionally stoop, kneel, crouch, crawl and there are no other physical limitations. Such individual would have functional or mental limitations, and I'm referring to Exhibit 5F, and that he would have marked limitations affecting his ability to understand and remember detailed instructions, to carry out detailed instructions, and to interact appropriately with the general public. The evaluator opines that such an individual can perform simple tasks with routine supervision and relate to supervisors and peers on a superficial work basis. Cannot relate to the general public and adapt to a work

situation.

(Tr. 50).

Claimant contends the findings in the paragraph B criteria were required to be included in the hypothetical questioning of the vocational expert. The regulations and the case authority in this Circuit do not support this position. The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' ... criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013). The court also declined the claimant's invitation to read Franz v. Astrue, 509 F.3d 1299, 1303 n.3 (10th Cir. 2007) as "requiring an ALJ's RFC assessment to mirror his step three-findings," finding such language as "dicta." Id. at 754 n.3.

Claimant cites to the case of Wells v. Colvin, 727 F.3d 1061, 1065 n.3 (10th Cir. 2013) in support of his argument that the paragraph B criteria limitations must be included in the

hypothetical questions posed to the vocational expert. The footnote simply does not state this position. The court found a mild restriction should have been considered at step two and subsequent steps. It does not require or even suggest the inclusion of the restrictions in the questioning of the expert.
This Court finds no error in the hypothetical questioning of the vocational expert.

Claimant next asserts the ALJ failed to include limitations due to Claimant's obesity in his hypothetical questioning of the vocational expert. It is true that the ALJ found Claimant's obesity to be a severe impairment at step two. (Tr. 16). An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and

cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id. However, speculation upon the effect of obesity is discouraged.[2] *See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.).

The ALJ stated in his decision that he considered the combined effects of obesity upon other impairments under the requirements of Soc. Sec. R. 02-1p. (Tr. 17). He also related the various medical reports which found no musculoskeletal symptoms. (Tr. 19-20). This Court takes the ALJ at his word that the effects were considered. It is Claimant's burden at step four to establish "that the impairment or combination of impairments prevents h[er] from performing h[er] past work." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005) quoting Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988). Claimant has failed in this evidentiary burden. This Court finds no error in the ALJ's failure to include further functional limitations in the hypothetical questioning of the vocational expert. No error is attributed to this issue.

**Consideration of the Opinion Evidence**

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

9

Claimant also asserts the ALJ failed to properly evaluate the opinions of several physicians. In a report dated August 5, 2009, Dr. Kenneth R. Trinidad set forth the results of his consultative examination of Claimant. Dr. Trinidad found Claimant underwent surgery on his back in March of 2009 resulting in an L2-3 laminectomy, discectomy, and fusion with instrumentation. He was released in July of 2009 with a 30 pound lifting restriction. (Tr. 263-64). On physical examination, Dr. Trinidad determined Claimant had an antalgic gait favoring the left leg. Musculoskeletal examination of the cervical spine revealed tenderness and spasms from C5 to C7 on the left. Range of motion testing of the cervical spine revealed flexion 50 degrees, extension 40 degrees, right lateral bending 35 degrees, left lateral bending 35 degrees, right rotation 60 degrees and left rotation 65 degrees. Musculoskeletal examination of the lumbar spine revealed a non centimeter scar over the midline consistent with Claimant's previous surgical hsitory Dr. Trinidad found that there was tenderness and spasms from L2 to L5 bilaterally. Straight leg raising was tight in the right leg at 60 degrees, sacral hip flexion angle was 40 degrees, and sacral hip extension angle was 18 degrees. Range of motion testing of the lumbar spine revealed flexion 35 degrees, extension 5 degrees, right lateral bending 12 degrees, and left lateral bending 10 degrees. Neurologic examination revealed deep tendon reflexes to be symmetric

and toes were downgoing. There was decreased sensation in the L4, L5, and S1 distributions in the left leg. (Tr. 264). Dr. Trinidad concluded that Claimant could not return to his previous job and should undergo vocational training and placement in a light duty job. (Tr. 267).

The ALJ determined that Dr. Trinidad's findings were not inconsistent with the RFC which he determined. He also found that the findings did not support the credibility of the alleged impairment and were not inconsistent with the other treatment records. (Tr. 19).

Dr. Trinidad's findings do not conflict with the ALJ's RFC determination. Claimant only suggests that the ALJ must proceed through the weighing process in a *pro forma* fashion, arguing form over substance. Where the evidence does not conflict with the ALJ's conclusions, the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened. Howard v. Barnhart, 379 F.3d 945, 947-48 (10th Cir. 2004). Claimant contends the ALJ must "give explicit reasons for rejecting the reports" while overlooking the fact the ALJ did not reject the report.

Claimant suggests the same problem with the ALJ's consideration of the reports of Dr. C. Scott Anthony and Dr. Paul Morrison. However, neither of these physicians offered medical opinions or

opinions on functional limitations. 20 C.F.R. § 404.1527(a)(2)(defining statements that constitute medical opinions). Rather, the ALJ merely cited the factual content of their respective medical records. (Tr. 19-20).

Claimant also finds error in the ALJ's statements regarding the opinions of the State Agency physicians. He gave these opinions which he represented supported a finding of non-disability "some weight" finding the opinions added further weight to the evidence already cited. (Tr. 20). While it would have been ideal if the ALJ would have gone into detail concerning the content of these reports, it is clear that he only cited these opinions to demonstrate that other evidence in the record did not conflict with the supporting evidence which he had previously cited. This Court finds no error in the ALJ's overall examination of the opinion evidence.

**Credibility Determination**

Claimant challenges the ALJ's credibility findings, stating that he failed to set forth which statements he found credible and which he did not. The ALJ recited testimony and statements from Claimant which were in contradiction with the medical evidence. (Tr. 18-20).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir.

2000).

The ALJ's credibility analysis cites to the medical record affirmatively links this medical evidence to his findings on credibility. No error is found in this analysis.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this   30th   day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE